IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELIZABETH SANDBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11cv0761 (JFA) |
| | ) | |
| DANIELLE G. REYES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff Elizabeth Sandbeck's Petition for Attorney's Fees and Costs (Docket no. 40) ("petition").[1] In accordance with Federal Rule of Civil Procedure 54(d)(2)(C), the Court provides the parties with this Memorandum Opinion granting plaintiff's petition and awarding attorney's fees and costs in the amount of $21,462.09.

## Background

Plaintiff filed her complaint on July 19, 2011 seeking a judgment against defendants for breach of a Regional Sales Contract ("Sales Contract") for the sale and purchase of property located at 720 Gibbon Street, Alexandria, Virginia, as well as costs and attorney's fees. (Docket no. 1). Following a one-day bench trial on March 6, 2012, the Court awarded plaintiff a judgment in the amount of $76,224.51 on her breach of contract claim. (Docket nos. 37, 38). On March 19, 2012, in accordance with Fed. R. Civ. P. 54(d)(2), the Court ordered that any motion for attorney's fees and costs by the prevailing party as provided for in paragraph 24 of the Sales Contract was to be filed within 14 days and any opposition was to be filed within 11 days of the

---

[1] Pursuant to the Consent to Proceed Before a United States Magistrate Judge executed by the parties, an Order was entered on October 21, 2011, referring this action to the undersigned in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket no. 11).

1

filing of the motion. (Docket no. 38). Plaintiff filed her petition on March 30, 2012 seeking a total of $21,037.50 in attorney's fees and $474.59 in costs plus interest. (Docket no. 40 at 7). Defendants did not file a response to plaintiff's petition.

## Standard of Review

The party requesting fees bears the burden of demonstrating the reasonableness of what she seeks to recover. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The requesting party does so by producing evidence, such as the requesting attorney's own affidavits. "'In addition to the attorney's own affidavits, [however,] the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'" *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009) (quoting *Plyler*, 902 F.2d at 277). "Examples of what constitutes satisfactory specific evidence 'sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.'" *Textron Financial Corp. v. AIC of Manassas, Inc.*, 2010 WL 2928789, at *4 (E.D. Va. July 23, 2010) (quoting *Robinson*, 560 F.3d at 245); *see also Plyler*, 902 F.2d at 278 ("[A]ffidavits testifying to [the fee applicants'] own rates, experience, and skills as well as affidavits of South Carolina lawyers who were familiar both with the skills of some of the [fee] applicants and more generally with civil rights litigation in South Carolina . . . [were] sufficient evidence of the prevailing market rates.")

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Rum Creek Coal Sales, Inc. v. Caperton*, 31

F.3d 169, 174 (4th Cir. 1994); *Robinson*, 560 F.3d at 243. The product of the reasonable number

of hours and the reasonable hourly rate is referred to as the "lodestar amount." *See Daly v. Hill*,

790 F.2d 1071, 1076 n.2 (4th Cir. 1986).

In determining "what constitutes a 'reasonable' number of hours and rate . . . a district

court's discretion should be guided by the . . . twelve factors" adopted from *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Robinson*, 560 F.3d at 243-44

(citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Those factors are: (1)

the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill

required to properly perform the legal services rendered; (4) the attorney's opportunity costs in

pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations

at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8)

the amount in controversy and the results obtained; (9) the experience, reputation and ability of

the attorney; (10) the undesirability of the case within the legal community in which the suit

arose; (11) the nature and length of the professional relationship between attorney and client; and

(12) attorneys' fees awards in similar cases. *Id.* The Court need not address all twelve factors

independently, because "such considerations are usually subsumed within the initial calculation

of hours reasonably expended at a reasonable hourly rate." *Freeman v. Potter*, 2006 WL

2631722, at *2 (W.D. Va. Sep. 13, 2006) (citing *Hensley*, 461 U.S. at 434 n.9).

"After determining the lodestar figure, the court then should subtract fees for hours spent

on unsuccessful claims unrelated to successful ones. . . . [O]nce the court has subtracted the fees

incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining

amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 244

(internal quotations and citations omitted). "Because the degree of success obtained by the

3

plaintiff is the 'most critical factor' in determining the reasonableness of a fee award, the district court 'may simply reduce the award to account for the limited success.'" *Lilienthal v. City of Suffolk*, 322 F. Supp. 2d 667, 675 (E.D. Va. 2004) (quoting *Hensley*, 461 U.S. at 436-37).

Attorney's fees awards are within the discretion of the district court and are reviewed for abuse of discretion. *See McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998). Given this framework and the lack of any opposition to the plaintiff's petition from the defendants, the Court will proceed to evaluate plaintiff's petition.

## Analysis

Paragraph 24 of the Sales Contract executed by plaintiff as seller and defendants as purchaser provides that "[i]n any action or proceeding involving a dispute between Purchaser and Seller arising out of this Contract, the prevailing party will be entitled to receive from the other party reasonable attorney's fees to be determined by the court." As the prevailing party at trial, plaintiff seeks $21,037.50 in attorney's fees and $474.59 in costs, in addition to interest on the judgment. In support of her request for attorney's fees, plaintiff provides an Attorney's Time Sheet ("time sheet") itemizing the tasks performed by counsel and the amount of time billed for each task. (Docket no. 40 at Ex. 3). Plaintiff also submits the declaration of her attorney Joseph A. Cerroni ("Cerroni Decl.") attesting to the reasonableness of the fees incurred. (Docket no. 40 at Ex. 4). In addition, plaintiff provides declarations from local attorneys Deborah N. Arthur and Jonathan E. Levine stating their knowledge and familiarity with Mr. Cerroni and the customary hourly rates charged by attorneys with his experience in Northern Virginia. ("Arthur Decl." and "Levine Decl.") (Docket no. 40 at Ex. 2).

In determining the reasonableness of the number of hours and billing rate for which plaintiff seeks recovery, the Court is mindful of plaintiff's counsel's duty to exercise billing

4

judgment. *See Hensley*, 461 U.S. at 437 ("The applicant should exercise 'billing judgment' with respect to hours worked.") In this regard, the Court takes note of plaintiff's attorney's declaration that he reduced or eliminated billing for time spent performing certain tasks which was duplicative or that he felt would be unfair to charge as an exercise of his discretion. (Cerroni Decl. ¶ 12).

**Attorney's Fees**

## 1. The time and labor expended;

The time sheet attached to plaintiff's petition as Exhibit 3 contains entries describing the time that plaintiff's attorney spent consulting with his client and communicating with opposing counsel; performing research, drafting and reviewing documents, and filing and serving pleadings; and preparing for and attending conferences, the hearing on defendants' motion to compel, and trial. (Docket no. 40 at Ex. 3). The time sheet also itemizes plaintiff's attorney's travel time to and from the courthouse for conferences, motions practice, and trial, a meeting with opposing counsel, and a meeting with witnesses. (*Id.*). The time sheet covers approximately one year, from April 15, 2011 to March 28, 2012, and lists $20,562.50 in fees for 58.75 hours of work at $350.00 per hour and $425.00 in travel time.[2] (*Id.*).

Plaintiff argues that the time spent on the case was reasonable given that the matter proceeded from filing through discovery to a trial on the merits. (Docket no. 40 at 4). Plaintiff's attorney states that a fee award in this case in the amount requested is justified given defendants' representation by multiple attorneys and the vigorous defenses asserted, initial discussions

---

[2] While plaintiff's total for travel time is listed as $475.00 for 4.75 hours of travel at $100.00 per hour, a review of the individual entries reveals that plaintiff's attorney recorded only 4.25 hours of travel time: .50 hours on July 19, 2011; .50 hours on October 12, 2011; .50 hours on January 19, 2012; .75 hours on February 5, 2012; .50 hours on February 24, 2012; .50 hours on February 28, 2012; .50 hours on February 29, 2012; and .50 hours on March 6, 2012. (Docket no. 40 at Ex. 3). The Court also notes that plaintiff is not seeking the full hourly rate for counsel's travel time. The reduction of the hourly rate for travel time from $350.00 to $100.00 is indicative of plaintiff's good faith efforts to apply for a reasonable amount of fees and costs.

between the parties indicating that settlement was unlikely, and the necessity of preparing for and defending defendants' motion to compel. (Docket no. 40 at Ex. 4, ¶ 13). Upon review of the time sheet, plaintiff's petition, and the declaration of plaintiff's attorney in support, the Court finds that the 58.75 hours of attorney time and 4.25 hours of travel time expended by counsel in this matter were reasonable.

## 2. The novelty and difficulty of the questions raised;

Plaintiff argues that this case required specialized knowledge of real estate law and the terms of the Sales Contract, as well as the law governing recoverable damages. (Docket no. 40 at 4). Even accepting that argument, considering that defendants admitted that they entered into a binding contract for the sale of real property and that they failed to perform their obligations under the contract, the Court finds that the issues in this case were limited to the narrow question of what direct and consequential damages plaintiff could recover as a result of defendants' breach and were therefore not particularly novel. The case also did not involve extensive discovery or difficult factual issues requiring voluminous records or witness testimony. This factor does have a significant impact on the lodestar amount.

## 3. The skill required to properly perform the legal services rendered;

Plaintiff argues that this matter required experienced, knowledgeable legal counsel to perform the legal services rendered properly. (Docket no. 40 at 5). The Court agrees that this matter required skill in the fields of real estate and contract law in which plaintiff's attorney has extensive experience.

## 4. The attorney's opportunity costs in pressing the instant litigation;

In considering opportunity costs, courts often look to the drain of resources on a firm during the litigation, the length of the litigation, and, in some cases, the unpopularity of the case.

*See Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (noting that counsel "incurred substantial opportunity costs in pursuing the litigation, given the drain of resources on their four-person firm and the unpopularity of their case within the community"); *United States ex rel. Thyssenkrupp Safway, Inc. v. Tessa Structures, LLC*, 2011 WL 2633902, at *5 (E.D. Va. July 5, 2011) (noting that "time spent does not seem to the Court to have been so voluminous to have precluded other representation on the part of [] counsel"); *Walker v. Dovetails, Inc.*, 2010 WL 5878336, at *6 (E.D. Va. Nov. 30, 2010) (noting that since the case was resolved in one week and the costs associated with discovery were avoided, the case imposed little opportunity costs on counsel).

Plaintiff argues that as a sole practitioner, her attorney was precluded from other employment because of the work required in this case. (Docket no. 40 at 5). In his declaration, plaintiff's attorney states that he was precluded from "some paid work" as a result of his work in this matter and that he declined to accept employment in several matters given the schedule set out in the Scheduling Order governing this case. (Cerroni Decl. ¶ 14). The Court finds that it is unlikely that the 58.75 hours of work and 4.25 hours of travel time expended over the course of the year-long life of this case would have significantly impacted plaintiff's counsel's ability to pursue other opportunities for employment and will not adjust the loadstar amount upward as a result of this factor.

## 5. The customary fee for like work;

Plaintiff first argues that the $350.00 hourly rate charged in this case is reasonable given the comparison between that rate and the market-supported reasonable attorney's fee for an attorney with more than 20 years' experience in the Washington, D.C. metropolitan area, as set

out in the *Laffey* Matrix[3] prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. (Docket no. 40 at 2-3; Ex. 1). According to the *Laffey* Matrix, a reasonable hourly rate for counsel with 20-plus years' experience like plaintiff's attorney is $475.00 per hour, or $125.00 more than the rate charged in this case. (Docket no. 40 at Ex. 1).

While the *Laffey* Matrix may be a useful reference for determining a reasonable hourly rate in this region, plaintiff correctly recognizes that it is neither independently sufficient to show the reasonableness of an hourly rate nor controlling in this court. (Docket no. 40 at 3; *see Newport News Shipbuilding and Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009) ("[T]he Laffey matrix is a useful starting point to determine fees, not a required referent"); *United States ex rel. Thyssenkrupp Safway*, 2011 WL 2633902, at *6 (citing *Newport News*, 591 F.3d at 229); *Hanzlik v. Birach*, 2010 WL 1695610, at *3 n.3 (E.D. Va. Apr. 28, 2010) (citing *Robinson*, 560 F.3d 235); *Jackson v. Estelle Place, LLC*, 2009 WL 1321506, at *3 (E.D. Va. May 8, 2009) (citing *Robinson*, 560 F.3d at 245)).

However, plaintiff has provided ample evidence to establish that the rates charged in this case were reasonable. In her declaration, Deborah N. Arthur, a solo practitioner like plaintiff's attorney, states that she is familiar both with plaintiff's attorney and with the fees charged by other local attorneys who have similar experience and practices. (Arthur Decl. ¶¶ 4, 5, 7). Based on her knowledge and experience, Ms. Arthur states her belief that $350.00 per hour is a reasonable hourly rate for plaintiff's attorney's services. (Arthur Decl. ¶ 8). In his declaration, Jonathan E. Levine states that he is also familiar with the fees charged by attorneys in this area with knowledge and experience comparable to plaintiff's attorney's knowledge and experience.

---

[3] *See Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985).

and that $350.00 per hour is a reasonable hourly rate for plaintiff's attorney's services. (Levine Decl. ¶¶ 6, 7).

The Court finds the Arthur and Levine declarations to be persuasive. Accordingly, the Court also finds that the $350.00 hourly rate charged in this matter is commensurate with the rates customarily charged for like work in the Northern Virginia legal community.

### 6. The attorney's expectations at the outset of the litigation;

Plaintiff states that when the fee agreement for this matter was executed, plaintiff's attorney believed she had a good chance of prevailing and recovering her attorney's fees under the Sales Contract, though plaintiff's attorney expressed some doubt as to whether any judgment entered would be collectible. (Docket no. 40 at 5). Plaintiff's attorney also states that he believed plaintiff had a good chance of prevailing, and that he agreed to represent her based upon the fact that the Sales Contract provided for the recovery of attorney's fees by the prevailing party. (Cerroni Decl. ¶ 11). Given these expectations, the Court finds that this factor should weigh in favor of an award of attorney's fees in this case.

### 7. The time limitations imposed by the client or circumstances;

Plaintiff argues that the schedule imposed by the Court in this case at least in part precluded plaintiff's attorney from accepting other employment. (Docket no. 40 at 5, 6). However, for the reasons stated above and considering that plaintiff makes no assertion that any other time limitations were imposed by the client or any other person, the Court finds that this factor does not weigh heavily in favor of an award of attorney's fees in excess of the loadstar amount in this case.

**8. The amount in controversy and the results obtained;**

As noted above, "the degree of success obtained by the plaintiff is the 'most critical factor' in determining the reasonableness of a fee award." *Lilienthal*, 322 F. Supp. 2d at 675 (quoting *Hensley*, 461 U.S. at 436-437). Plaintiff argues that while she did not recover all of the consequential damages sought in her complaint, a judgment was entered awarding her the actual damages she suffered as a result of the resale of the property and a significant portion of the consequential damages she sought relating to that resale. (Docket no. 40 at 6). The Court finds that plaintiff's attorney substantially prevailed on the issues involved in this case and achieved a significant, positive result for his client. Accordingly, this factor does not provide a basis to reduce the loadstar amount.

**9. The experience, reputation and ability of the attorney;**

Plaintiff argues that her attorney has a significant amount of experience and a particular expertise in real estate law. (Docket no. 40 at 6). Plaintiff's attorney has more than 30 years' experience and is an affiliate member of the Northern Virginia Association of Realtors and a member of a real estate attorneys' roundtable which periodically meets to discuss and comment upon regional sales contracts like the one at issue in this case. (*Id.*; Cerroni Decl. ¶¶ 4, 5). Plaintiff's attorney also states that he has extensive experience in contract law and that he has developed a reputation such that other attorneys consult with him on contract matters. (Cerroni Decl. ¶¶ 4, 6). Plaintiff's attorney states that most of his new clients are referrals from other lawyers familiar with his work, and Ms. Arthur states that she has recommended a number of clients to plaintiff's attorney because of his knowledge of commercial law. (Cerroni Decl. ¶ 6; Arthur Decl. ¶ 6). The Court finds that plaintiff's attorney's experience, reputation, and ability weigh in favor of an attorney's fees award in this case.

10

**10. The undesirability of the case within the legal community in which the suit arose;**

Plaintiff argues that this case was undesirable because defendants were citizens of Texas at the time the complaint was filed and there was some question as to whether any judgment in plaintiff's favor would be collectible. (Docket no. 40 at 6). Plaintiff's attorney reiterates the latter concern in his declaration. (Cerroni Decl. ¶ 11). While the issue of collection of any award may have been a factor in deciding whether to undertake this representation, there is nothing undesirable about handling a breach of contract case for the seller of property. Under these circumstances, an enhancement of the loadstar amount is not necessary.

**11. The nature and length of the professional relationship between attorney and client;**

Plaintiff states that this was the first matter in which plaintiff's attorney represented her and that this factor did not play a significant role in this case. (Docket no. 40 at 6).

**12. Attorney's fees awards in similar cases.**

Plaintiff's attorney states that he is unaware of attorney's fees awards in similar cases. (Docket no. 40 at 7).

**Costs**

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees "should be allowed to the prevailing party . . . [u]nless a federal statute, these rules, or a court order provides otherwise." And under 28 U.S.C. § 1920(1) and (3), filing fees and fees for witnesses may be taxed as costs. Here, plaintiff seeks an award of $474.59 in costs, which includes the $350.00 filing fee for plaintiff's complaint and $124.59 in witness and mileage fees. (Docket no. 40 at Ex. 3). "An expense award, like an attorney's fee, must adequately compensate counsel without resulting in a windfall." *Daly*, 790 F.2d at 1084 n. 18. The Court has reviewed

plaintiff's time sheet and finds that the costs incurred in this case are appropriate. Accordingly, the Court awards plaintiff costs in the amount of $474.59.

## CONCLUSION

Having analyzed the factors set forth in *Barber* and *Robinson*, the Court finds that the 58.75 hours expended reviewing, researching, drafting, filing, and arguing the various issues presented in this case is reasonable, as is the 4.25 hours plaintiff's attorney spent traveling to and from various related activities including conferences, hearings, and trial. The Court also finds that the plaintiff has set forth satisfactory specific evidence that the $350.00 per-hour rate charged by plaintiff's attorney in this matter is reasonable and commensurate with rates charged by others with like experience in the Northern Virginia legal community and that the fees claimed are all related to claims that were pursued successfully. The Court further finds that the costs of $474.59 incurred in this matter are appropriate and recoverable under statute and the Federal Rules of Civil Procedure.

For these reasons, the Court finds that plaintiff is entitled to an award of $20,987.50 for attorney's fees and $474.59 for costs for a total judgment of **$21,462.09.** The Court will enter a separate Order providing for the entry of an award in accordance with this Memorandum Opinion.

Entered this 17th day of April, 2012.

　　　　　　　　　　　　　　　　　　／s／　　　　　　　　
John F. Anderson
United States Magistrate Judge
United States Magistrate Judge

Alexandria, Virginia